# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

RYAN MARTIN WONDERLY, )
                                                                 )
    Petitioner, )
                                                                 )   Case No. CIV-09-1138-D
vs. )
                                                                 )
ERIC FRANKLIN, Warden, )
                                                                  )
    Respondent. )

## ORDER

      Petitioner, a state inmate represented by counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings. On July 30, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 14] in which he recommended that the petition be denied. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

      Petitioner challenges his conviction and sentences in connection with charges to which he entered an *Alford* plea[1]. Petitioner pled to four counts of rape in the first degree by instrumentation and ten counts of indecent or lewd acts with a child under sixteen. He was sentenced to 35 years imprisonment on each of the rape charges, to run concurrently, and to 20 years imprisonment on each of the indecent or lewd act charges; the latter sentences were suspended and ordered to run consecutively to the rape charge sentences, but concurrently with one another. Petitioner subsequently moved to withdraw his plea. His motion was denied by the trial court; he appealed

---

[1] An *Alford* or *nolo contendre* plea is a plea by which a defendant does not expressly admit guilt, but "nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty." *North Carolina v. Alford*, 400 U.S. 25, 35 (1970).

that decision, and it was affirmed. He then sought post-conviction relief, which was denied by the trial court. That decision was also affirmed on appeal.

Petitioner now seeks habeas relief, arguing that he was deprived of effective assistance of counsel at trial and on appeal; he also contends his plea was the result of coercion by the trial judge; in addition, he contends the trial judge was biased. Finally, Petitioner contends that he is actually innocent of the charges.

Petitioner acknowledges that his claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that this Court's review of his claims is governed by the deferential standard applicable to state court determinations and incorporated in the AEDPA. 28 U.S.C. § 2254(d)(1) - (2); *Williams v. Taylor*, 529 U.S. 362 (2000). Petitioner contends, however, that the AEDPA deferential standard is unconstitutional because it constitutes a legislative infringement on the authority of the judicial branch of government and thus violates the separation of powers between the legislative and judicial branches of government.

In the Report and Recommendation, Judge Argo explained the deference afforded state court decisions as well as Petitioner's constitutional challenge. As he noted, Petitioner's supporting authority is limited to dissenting opinions in several decisions, and the Tenth Circuit Court of Appeals has not expressly addressed Petitioner's contention. The Magistrate Judge also noted, however, that the circuit courts considering the argument have rejected it. *See* Report and Recommendation at pages 4 and 5.

The Court agrees with the Magistrate Judge that Petitioner's constitutional challenge to the AEDPA is not persuasive and is not supported by the majority view of the federal courts which have considered similar challenges. Accordingly, habeas relief is not warranted on this basis.

The Magistrate Judge also discussed in detail Petitioner's claim that his plea was coerced

by the trial judge. In the Report and Recommendation, Judge Argo concluded that the transcripts of the record reflecting Petitioner's decision to enter a plea reflect that his plea was knowingly and voluntarily entered; he discussed in detail the transcript of the trial judge's inquiries, and Petitioner's responses, during the plea hearing. *See* Report and Recommendation at pages 5 through 9. The Court agrees that the record reflects the plea was knowing and voluntary, and habeas relief is not warranted on this basis.

With respect to the alleged coercion by the trial judge, after reviewing the transcripts of the pretrial proceedings as well as the plea hearing, Judge Argo concluded that no coercion was evidenced b y the record. *See* Report and Recommendation, pages 9 through 12. The Court agrees.

Judge Argo also discussed in detail Petitioner's contention that the trial judge was biased. He summarized the trial judge's comments at various stages of the proceedings, including the plea hearing and the sentencing. Based on the state court record, as discussed at pages 15 through 18 of the Report and Recommendation, the undersigned agrees that no bias was exhibited by the judge.

In the Report and Recommendation, Judge Argo also discussed in detail each of Petitioner's contentions that both his trial counsel and appellate counsel were ineffective. The Court has reviewed that analysis and agrees that Petitioner has failed to present a basis for habeas relief. The discussion at pages 18 through 26 of the Report and Recommendation is adopted.

The Report and Recommendation also discusses Petitioner's claim of actual innocence. As Judge Argo noted, such claims, standing alone, do not support habeas relief. *See, e.g., LaFevers v. Gibson*, 238 F. 3d 1263, 1265 n. 4 (10th Cir. 2001). The Court agrees, and finds that habeas relief is not warranted.

The Court has carefully considered the Report and Recommendation, the record presented, and Petitioner's objections to the Report and Recommendation. Having done so, the Court

concludes that the Report and Recommendation [Doc. No. 14] should be, and is, adopted as though fully set forth herein. Petitioner's request for habeas relief is denied.

IT IS SO ORDERED this 16th day of November, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE